UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No. SACV 12-00468-CJC(JPRx)                              Date: April 30, 2012

Title: WILMINGTON TRUST COMPANY v. CYNTHIA C. CRAIG, ET AL.

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

| Michelle Urie | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                           None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

**Introduction & Background**

    On January 19, 2012, Plaintiff Wilmington Trust Company filed this action for unlawful detainer against Defendant Cynthia Craig in California state court. Defendant Nini Kerns was later added, and on March 23, 2012, Ms. Kerns removed the action to federal court, purportedly on the basis of federal question jurisdiction. For the following reasons the Court, on its own motion, REMANDS this case to state court for lack of subject matter jurisdiction.

**Analysis**

    A civil action brought in a state court but over which a federal court may exercise original jurisdiction may be removed by the defendant to a federal district court. 28 U.S.C. § 1441(a). However, "[a] suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987). The burden of establishing subject matter jurisdiction falls on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A federal court can assert subject matter jurisdiction over cases that: (1) involve

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-00468-CJC(JPRx)            Date: April 30, 2012
                                                                                                 Page 2

questions arising under federal law; or (2) are between diverse parties and involve an amount in controversy of over $75,000.  28 U.S.C. § 1331; *id.* § 1332.

       Ms. Kerns has failed to meet her burden to establish federal question jurisdiction under 28 U.S.C. § 1331.  A cause of action arises under federal law only when a question arising under federal law appears on the face of the plaintiff's well-pleaded complaint. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).  A defendant may not remove a case by asserting a defense based in federal law, and "original jurisdiction is lacking even if a defense is alleged to be based exclusively on federal law."  *Sullivan*, 813 F.2d at 1371.  First, Ms. Kern's allegation that California judges are prejudiced because the Judicial Retirement System for California State Employees causes them to hold prejudicial interest in bank product is not a basis for federal question jurisdiction.  Further, Ms. Kerns assertion that because "the subject loan is a closed-end federally-related mortgage loan transaction" it is covered and regulated by the Truth in Lending Act, The Equal Opportunity Act, and the Real Estate Settlement Procedures Act, (*see* Notice of Removal, at 2–3), fails to establish federal question jurisdiction as Ms. Kerns does not explain how this gives rise to a question arising under federal law.

**Conclusion**

       For the foregoing reasons, this action is hereby REMANDED to state court.


jsk

MINUTES FORM 11
CIVIL-GEN                                                                                  Initials of Deputy Clerk MU